### The People of the State of Illinois, Defendant in Error, v. Charlie Young, Plaintiff in Error.

### Gen. No. 18,054. (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. JOSEPH SABATH, Judge, presiding. Heard in this court at the March term, 1913. Affirmed. Opinion filed July 7, 1913.

### Statement of the Case.

Prosecution on information against Charlie Young for pandering. From judgment of sentence to house of correction for six months and to pay a fine of five hundred dollars, defendant brings error.

*See Illinois Notes Digest, Vols. XI to XIV, same topic and section number.

LOUIS GREENBERG, for plaintiff in error.

MACLAY HOYNE, for defendant in error; ZACH HOF-
HEIMER, of counsel.

MR. JUSTICE BROWN delivered the opinion of the
court.

## Abstract of the Decision.

1. PROSTITUTION, § 2*—when information charging pandering suf-
ficient. Information charging offense of pandering in the words of
the statute is sufficient.

2. PROSTITUTION, § 2*—when information charging pandering suf-
ficient. Information charging offense of pandering need not set out
facts to show that offense was committed.

3. CRIMINAL LAW, § 366*—insufficiency of information as grounds
for motion to arrest judgment. Insufficiency of an information
charging pandering cannot be taken advantage of on motion for
arrest of judgment.

4. CRIMINAL LAW, § 476*—when evidence presumed sufficient on
review. Evidence presumed sufficient when not preserved in the
record.

5. INDICTMENT AND INFORMATION, § 45*—bill of particulars. De-
fendant may ask for bill of particulars when charge of offense in in-
formation is general.